## LUPTON and PEARSALL *against* JOHNSON and others.

A rule to produce certain bonds before the examiner, for the inspection of the opposite party, will not be granted, where the existence of one of the bonds is denied, and the other is denied to have been received by the plaintiff for the purpose alleged by the defendant; but a cross bill, or bill of discovery, is the proper remedy.

MOTION, on the part of the plaintiffs to vacate an *order* obtained by default, requiring the plaintiffs to produce certain bonds before the examiner, in four days, for the inspection of the defendants.

*April 9th.*

The default being sufficiently accounted for, the original motion was opened.

*J. L. Riker*, for the defendants, contended for the propriety of the order, as more simple, and less expensive, than a cross bill    That it is a rule of evidence, at law and in

1817.

LUPTON
v.
JOHNSON.

equity, that deeds in the hands of the opposite party may be proved by parol, unless produced on notice.    He cited 13 *Vesey*, 546.    *Hind. Pr.* 54.    *Phillips's Ev.* 338.    1 *Vesey*, 503.    *Amb.* 247.    1 *Turner's Ch.* 83.

[ *430 ]

*Riggs*, for the plaintiffs, after accounting for the default, read the affidavits of the plaintiffs, denying the existence of one of the bonds, or that the other was received in payment of any legacy.    He then contended, *that if the latter bond was produced, under the order, it might be an implied admission that it was taken in discharge of the legacy.    That a cross bill of discovery was the only true and proper course. Whether the bond so existing was given in discharge of the legacy was *the very point in dispute*, and the party cannot produce it, without admitting it to be what, he says, it was not intended to be.

THE CHANCELLOR said, the rule to produce the bonds must be vacated, under the circumstances disclosed.    It was most safe, for the rights of the parties in this case, that the defendants should be put to their cross bill, or bill of discovery.    Such a motion has been denied, (*Darwin* v. *Clarke*, 8 *Vesey*, 158.) where the opposite party had not admitted the deed to be in his possession.    Here the party denies his possession of one bond, and denies that the other was ever received in the sense contended for; and the order might prejudice his right.

Rule vacated.